KLEINER, Respondent, vs. JOHNSON and another, Appellants.

*June 4—June 22, 1946.*

For the appellants there was a brief by *Grelle & Schlotthauer* of Madison, and oral argument by *R. C. Grelle.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland,* and oral argument by *A. J. McAndrews,* all of Madison.

FOWLER, J.   The case is an appeal from a judgment awarding the plaintiff damages for injuries sustained by being struck by an automobile being driven west on West Johnson street in Madison by the defendant Johnson, who will be hereinafter referred to as the "defendant."   The judgment was entered on a special verdict returned by a jury.   From the evidence the jury might properly infer that when struck the plaintiff was lying unconscious in the street about six feet from the north curb, and about ninety feet east of the east

line of North Bassett street, a north-and-south street intersecting West Johnson street. The plaintiff, on leaving the store at which he was employed at about 9:45 p. m. for home, had driven from the store to the garage where he kept his automobile, and after putting the car in the garage had started to cross West Johnson street to go to his residence which was across the street from the garage some little over one hundred sixty-two feet west thereof, as shown by a scaled map in evidence. West Johnson street is thirty-six feet wide between the curbs and so crowned that the center is one foot higher than the curbs. The street was otherwise level at the place where plaintiff started to cross it, but a rise toward the east of fourteen inches in three hundred feet begins a little east of the plaintiff's place of crossing. There was a gasoline filling station at the northeast corner of West Johnson and North Bassett streets which was well lighted and street lamps were also located at the northeast and southwest corners of the intersection. The plaintiff, in starting to cross the street, looked both ways and no traffic was in sight in either direction. He was carrying some packages and remembered nothing of what happened after stepping from the curb until he regained consciousness at a hospital five or six days thereafter. The defendant was following about seventy-five feet behind another automobile. The driver of the head automobile saw the plaintiff lying in the street and recognized it as the body of a man as he approached it, as did the other two occupants of the front seat, and turned left around the body, and then turned right into the lot of the filling station where he stopped to render assistance. The car behind him struck the body and dragged it eighty feet to North Bassett street where the defendant stopped in obedience to a traffic light against him. He was about to pass on when told by the occupants of the car that had driven into the filling station that the body of a man was under his car. The defendant knew when he struck the body by the thud of the car as the front right wheel

of his car passed over the body and knew he was dragging something but testified that he thought the object was rubbish that had blown into the street. He did not see the body before striking it although the driver of the car ahead saw it when thirty-four to fifty feet from it and had ample room to pass it without touching it. The street was paved with black-top, and the plaintiff wore a brown overcoat. The temperature was eighteen degrees above zero at the time. The car ahead of defendant was traveling fifteen miles per hour. An occupant of that car noticed the defendant's car when it was three car lengths behind. The weather was clear at the time, although it had been raining and sleeting all day until about 5 o'clock p. m. This car was traveling on the right side of the road and the body was so lying that had the car gone straight ahead the right wheel would have gone over the plaintiff's chest. X rays show fractures of ten ribs, but no fracture of the skull. The hospital record made when the plaintiff was received recites laceration of the right upper eyelid and right temporal frontal region and multiple contusions of face and neck. X rays show several small fractures of the left portion of the shoulder blade. One of the packages the plaintiff was carrying when he started across the street was frozen to the street surface when the occupants of the car ahead reached the place where plaintiff was struck which was evidenced by blood.

The special verdict found: Defendant was causally negligent, (a) as to lookout; (b) as to management and control; plaintiff was causally negligent in crossing the street at the time and place involved; defendant's negligence was ninety per cent; plaintiff's negligence was ten per cent. The plaintiff's damages were hospital and medical expenses, $415.93; loss of earnings, $400.68; for personal injuries, $8,200.

The only questions raised on the appeal are, (1) whether the findings of the jury are supported by the evidence; (2) whether the damages are excessive.

(1) We consider that the evidence above stated supports the verdict as to negligence and comparative negligence. It speaks for itself and there is no need to argue the point. One crossing a street at a point other than a crosswalk is not barred from recovery as a matter of law if he be unconscious at the time he was struck by an automobile traveling on the street. One may be negligent in so crossing, but his negligence does not bar him from recovery from a defendant if his negligence be less than that of the defendant, except as crossing at a place other than a crosswalk imposes on him the absolute duty of yielding the right of way under sec. 85.44 (4), Stats. *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331. This provision, however, presupposes that the person crossing is not lying on the street unconscious at the time he is struck. One who is unconscious cannot take the action that may be necessary to enable him to yield the right of way and cannot be held responsible for nonperformance of an act that it is impossible for him to perform.

(2) The only assessment of damages that is claimed to be excessive is that of $8,200 for personal injuries. It is claimed as to this that the plaintiff had sustained some bodily injury prior to the time the defendant ran over him, and this cannot be segregated from the injuries inflicted by the defendant. We think that the jury might rightly infer from the evidence that the unconsciousness of plaintiff was caused by the plaintiff's falling in the street and striking his head upon the street surface; that this injury was comparatively slight, and that practically all of plaintiff's bodily condition resulted from the injuries inflicted by the defendant's automobile. The plaintiff experienced but little headache at the hospital and has experienced none since leaving. Blows to the head that cause unconsciousness for a time are often of no serious consequence, as matter of common knowledge. The jury may have so considered the head injury sustained in falling. They did not allow the full amount of expense the undisputed evidence in-

dicates plaintiff was subjected to as a result of his condition when received at the hospital, nor the full amount of his undisputed wage loss sustained thereby, which would seem to indicate that they attributed part thereof as resulting from the plaintiff's fall. The defendant's Appendix contains but little of the evidence of plaintiff and his wife bearing upon plaintiff's condition. Resort to the bill of exceptions indicates that the plaintiff has experienced a loss in weight of forty-five pounds or more as a result of the injuries; that while before the accident, in following his trade as a butcher, he customarily handled whole quarters of beef and cannot now handle weight of more than fifty pounds. His ribs in healing overlapped and discomfort and pain resulted therefrom up to the time of trial. He sustained back injuries from which he still suffers. He is now required to bend his legs in order to reach objects on the floor or ground, and while before the accident he could handle them by bending his back, which somewhat handicaps him in performing work as a butcher. He suffered great pain during the healing of the wounds sustained in the dragging of his body under defendant's car, as well as from the broken ribs. A bone in his right hand was broken from the effects of which the hand has never fully recovered. His capacity for labor has been diminished and his ability to operate a meat market alone has been lost although he had sustained no wage loss up to the time of trial since resuming the job upon which he was employed at the time of the accident. While the allowance of the jury was liberal we consider after reading the testimony contained in the bill of exceptions bearing upon the point that it was properly sustained by the court.

*By the Court.*—The judgment of the circuit court is affirmed.